**JASON J. MATTIOLI, ESQUIRE**
**MICHAEL J. OSSONT, ESQUIRE**
THE MATTIOLI LAW FIRM
425 Spruce Street, Suite 300
Scranton, PA 18503
Phone: 570-880-7389
Fax: 570-880-7352
Attorneys IDs: 88766/310437
jaylaw344@yahoo.com
michael.ossont@themattiolilawfirm.com

and

**MICHAEL R. GOFFER, ESQUIRE**
LAW OFFICES OF GOFFER & CIMINI
1603 Monsey Avenue
Scranton, PA 18509
Phone: 570-342-3207
Fax:    570-342-8178
Attorney ID: 53992
gofferlaw@aol.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYANNA GIFFORD | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| vs. | : JURY TRIAL DEMANDED |
| | : |
| The CITY OF SCRANTON and | : |
| The SCRANTON POLICE DEPARTMENT | :NO: _____ |
| Defendants. | : |

## **COMPLAINT**

AND NOW comes the Plaintiff, BRYANNA GIFFORD by and through her Counsel, Jason J. Mattioli, Esquire, Michael R. Goffer, Esquire and Michael J. Ossont, Esquire, and files this Complaint against the Defendants, The CITY OF SCRANTON and THE SCRANTON POLICE DEPARTMENT, and in support thereof hereby complains as follows:

1

## I. INTRODUCTION

1. This is an action for money damages, both compensatory and punitive; declaratory; and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the Commonwealth of Pennsylvania, against the CITY OF SCRANTON and THE SCRANTON POLICE DEPARTMENT.

2. Plaintiff GIFFORD alleges that Defendants' actions and/or omissions were in violation of her rights the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the Commonwealth of Pennsylvania.

3. Additionally, Plaintiff seeks attorney fees; the cost of maintaining this action as provided by statute; as well as any other further relief as is necessary to protect, preserve and vindicate the rights of the Plaintiff.

## II. JURISDICTION AND VENUE

4. This action arises out of violations of 42 U.S.C. § 1983 and the common law.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because all defendants reside in this Commonwealth and all or some of the

defendants reside in this judicial district, and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III. THE PARTIES

7. The Plaintiff, BRYANNA GIFFORD (GIFFORD) is an adult individual with an address of 252 N Main Street, Old Forge, Lackawanna County, Pennsylvania.

8. The Defendant CITY OF SCRANTON is a municipal corporation; in that capacity it is capable of suing and being sued. Said defendant is also a "person" within the meaning of the Civil Rights Act of 1871, 42 U.S.C. Sec 1983.

9. Upon information and belief, it is averred the SCRANTON POLICE DEPARTMENT is a Department within the city and creates its own policy and procedures for administration of its department including but not limited to the disclosure of private personnel information.

### IV. BACKGROUND

10. The Plaintiff incorporates paragraphs one (1) through nine (9) by reference with the same force and effect as if they were set forth at length herein.

11. The Plaintiff was a police officer with the SCARNTON POLICE DEPARTMENT between March 20, 2017 and June 23, 2020.

12. On August 7, 2020, unknown to the Plaintiff, a letter was sent by the Defendants' legal counsel Jenna Kraycer Tuzze to Duane Saunders.

3

13. Mr. Saunders is a Plaintiff in an unrelated matter against the CITY OF SCRANTON and the SCRANTON POLICE DEPARTMENT and as part of the discovery requested by Saunders, the CITY OF SCRANTON and the SCRANTON POLICE DEPARTMENT sent confidential information regarding the Plaintiff.

14. GIFFORD is a non-party to the suit involving Mr. Saunders and any information about her was and remains irrelevant to Mr. Saunders' case.

15. Upon information and belief, the information sent by the CITY OF SCRANTON and the SCRANTON POLICE DEPARTMENT to Mr. Saunders was irrelevant to Mr. Saunders pending action against the CITY OF SCRANTON.

16. Upon information and belief, the circumstances surrounding Mr. Saunders' case dealt with a DUI that he was charged with prior to the Plaintiff being employed by the SCRANTON POLICE DEPARTMENT.

17. As an enclosure to the letter to Mr. Saunders, information released by the Defendants included portions of the Plaintiff's confidential employment file and contained without redaction of any kind including but not limited to Plaintiffs cell phone number, address and social media accounts.

18. In addition to the fact that the confidential information should not have been disclosed at all, at no time did the Defendants seek a protective order to insure the privacy of the Plaintiff would be protected and/or her confidential

information would be precluded from being disseminated further or without Court intervention.

19. The Defendants neither notified the Plaintiff of the request for her confidential information by Mr. Saunders nor did they notify the Plaintiff of the dissemination of this information so that the Plaintiff could protect her own privacy in the event, as has happened here, the Defendants failed to take precautions to preclude the dissemination of the information and/or protect the Plaintiff's privacy.

20. The Plaintiff's confidential information, specifically but not limited to her cellular telephone number and address, was then disseminated on various social media outlets by Mr. Saunders.

21. As a result of the dissemination by the Defendants, the Plaintiff and her family have been harassed and her privacy has been invaded further.

22. Additionally, the Plaintiff has suffered extreme emotional distress which requires medical treatment in the past and into the future.

23. Further, the Plaintiff has to live with the fear of reprisal as a result of the dissemination of this confidential information that was released by the Defendants.

24. The dissemination resulted in harassing phone calls, text messages, social media messages and drive by intimidation at her and her family's homes resulting in reports being made to the police.

## COUNT I - 42 USC SECTION 1983:
## VIOLATIONS OF CONSTITUTIONAL AND CIVIL RIGHTS

25. Plaintiff incorporates herein paragraphs one (1) through twenty-four (24) by reference with the same force and effect as if they were set forth at length.

26. At all times relevant hereto the Defendants, individually and in concert, did act under the color of state law and their acts and/or omissions subjected Plaintiff to the deprivation of her rights secured by the United States Constitution, the laws of the United States, the Constitution of the Commonwealth of Pennsylvania including but not limited to her right under the Fourth and Fourteenth Amendments to the United States Constitution, her rights under 42 U.S.C. Section 1983, and her right to be free from an invasion of her privacy.

27. In addition to compensatory damages the individual Defendants are liable for exemplary and punitive damages for their actions and/or inactions against the Plaintiff and therefore, Plaintiff demands judgment against the Defendants in a sum in excess of $200,000.

28. The Plaintiffs fourth amendment argument rest upon the fact the Defendants willfully disseminated confidential personal information including but not limited to her personnel file that included her cellular telephone number.

29. Pursuant to 42 U.S.C. Section 1988, Plaintiff is entitled to a reasonable allowance for attorney fees as part of her costs in this case.

Wherefore, in addition to compensatory damages the head Defendants are liable for exemplary and punitive damages for their actions and Plaintiffs demand judgment against the Defendants in the sum of an excess of $200,000.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff incorporates herein paragraphs one (1) through twenty-nine (29) by reference with the same force and effect as if they were set forth at length.

31. The Defendants intentionally engaged in contact that was extreme and outrageous in the dissemination of the Plaintiff's personal records and confidential information including but not limited to her cellular telephone information.

32. As a direct and proximate cause of the Defendants' conduct the Plaintiff suffered severe emotional distress and will continue to suffer for an indefinite time into the future.

33. In addition to compensatory damages the individual Defendants are liable for exemplary and punitive damages for their actions and/or inaction against

the Plaintiff and therefore, Plaintiff demands judgment against the Defendants in a sum in excess of $200,000.

34. Pursuant to 42 U.S.C. Section 1988, Plaintiff is entitled to a reasonable allowance for attorney fees as part of her costs in this case.

Wherefore, in addition to compensatory damages the head Defendants are liable for exemplary and punitive damages for their actions and Plaintiffs demand judgment against the Defendants in the sum of an excess of $200,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

A. Enter judgement in favor of the Plaintiff against the Defendants;

B. Enter an order declaring Defendants conduct unconstitutional;

C. Award the Plaintiff compensatory and punitive damages against the Defendants;

D. Award the Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and any other applicable provisions of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendants to adopt appropriate policies related to the dissemination of personnel and other confidential information ; and

F. Grant to the Plaintiff such other and further relief as may be just and proper under the circumstances, including by not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted:

THE MATTIOLI LAW FIRM

*/s/ Jason J. Mattioli*
Jason J. Mattioli, Esquire
Attorney ID #: 88766

*/s/ Michael J. Ossont*
Michael J. Ossont, Esquire
Attorney ID#: 310437

LAW OFFICES OF GOFFER AND CIMINI

*/s/ Michael R. Goffer*
Michael R. Goffer, Esquire
Attorney ID#: 53992
Attorneys for Plaintiffs,