UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYANNA GIFFORD,<br><br>               Plaintiff,<br><br>v.<br><br>THE CITY OF SCRANTON, et al.,<br><br>               Defendants. | CIVIL ACTION NO. 3:22-CV-00137<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Plaintiff Bryanna Gifford ("Gifford") commenced this action on January 26, 2022, asserting violations of her federal civil rights under 42 U.S.C. § 1983 and a state law claim against Defendants City of Scranton (the "City") and the Scranton Police Department ("SPD") (collectively, "Defendants"). (Doc. 1, at 3, 6-8). In her complaint, Gifford states that Defendants inappropriately disseminated her personal information during discovery in an unrelated case. (Doc. 1, at 4). Gifford seeks an order declaring Defendants' conduct unconstitutional, compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief. (Doc. 1, at 8). Before the Court is a motion to dismiss filed by Defendants on February 18, 2022. (Doc. 7). For the following reasons, Defendants' motion to dismiss shall be **GRANTED**. (Doc. 7).

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Gifford filed her complaint on January 26, 2022, alleging violations of her right to privacy under the Fourth and Fourteenth Amendments and intentional infliction of emotional distress ("IIED"). (Doc. 1, at 6-8). In her complaint, Gifford explains that she was previously employed by the SPD as a police officer and that her personnel file was distributed to an outside party during the course of discovery in an unrelated action. (Doc. 1, at 3-4).

Gifford contends that her personnel file was not redacted and included her cell phone number, address, and social media accounts. (Doc. 1, at 4). Further, Gifford avers that her information was irrelevant to the unrelated action as she was not a party and the incident occurred before her employment with the SPD. (Doc. 1, at 4). Gifford states that the SPD did not seek a protective order nor did they inform her of the request for her information. (Doc. 1, at 4-5). After her personnel file was distributed during discovery in the unrelated action, the plaintiff in the unrelated case posted Gifford's cell phone number and address on various social media outlets. (Doc. 1, at 5). Gifford claims that she and her family have been harassed as a result of the dissemination of her information, and Gifford has suffered from extreme emotional distress requiring medical treatment. (Doc. 1, at 5-6).

On February 18, 2022, Defendants filed a motion to dismiss. (Doc. 7). In their motion to dismiss, Defendants contend that (1) Gifford has failed to state a claim for an invasion of privacy as the SPD is not the proper party in this action; (2) Gifford has failed to state a claim against the City under *Monell*; and (3) the dissemination of Gifford's phone number, address, and social media accounts does not rise to an invasion of privacy. (Doc. 8, at 5-12). Additionally, Defendants stated that Gifford has failed to state a claim for IIED because Defendants' conduct was not so outrageous to rise to the level needed for such a claim and that Defendants are entitled to immunity under the Pennsylvania Political Subdivision Tort Claim Act ("PSTCA") regarding Gifford's IIED claim. (Doc. 8, at 12-15). In opposition, Gifford states that both Defendants are proper in this action as she is alleging claims against the SPD in their administrative capacity and because she has alleged a policy and/or custom against Defendants surrounding the dissemination of personnel file information without protections. (Doc. 13, at 5-6). Additionally, Gifford contends that she has stated an invasion

of privacy claim under the due process clause of the Fourteenth Amendment and a claim for IIED. (Doc. 13, at 7-18). Finally, Gifford states that Defendants are not entitled to immunity regarding her claim for IIED. (Doc. 13, at 18-20). The motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 7; Doc. 8; Doc. 13; Doc. 14).

## II. LEGAL STANDARDS

### A. MOTION TO DISMISS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

of privacy claim under the due process clause of the Fourteenth Amendment and a claim for IIED. (Doc. 13, at 7-18). Finally, Gifford states that Defendants are not entitled to immunity regarding her claim for IIED. (Doc. 13, at 18-20). The motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 7; Doc. 8; Doc. 13; Doc. 14).

## II.   LEGAL STANDARDS

### A.   MOTION TO DISMISS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B. SECTION 1983

Gifford asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

### III.  DISCUSSION

Defendants argue that Gifford has failed to state a claim under the Fourth and Fourteenth Amendments for invasion of privacy and that her IIED claim similarly fails. (Doc. 8, at 3, 12). Specifically, Defendants maintain that (1) the SPD is not a proper defendant, (2) Gifford has failed to state a claim against Defendants under *Monell*, (3) Gifford's allegations do not rise to an invasion of privacy, (4) Defendants actions did not reach the level of outrageousness required to assert an IIED claim, and (5) Defendants have immunity against Gifford's IIED claim under the PSTCA. (Doc. 8, at 5-15). Gifford contends that the SPD is a proper Defendant as it "was acting as an administrator and custodian" of the records that were wrongfully disseminated and that she has stated a claim under *Monell* against Defendants because she has described a policy or custom "surrounding the dissemination of personnel file information without protections." (Doc. 13, at 5-7). Next, Gifford states that her allegations regarding an invasion of privacy are adequate as they implicate due process rights violated through state action. (Doc. 13, at 7-16). Gifford also argues that she has asserted a viable claim for IIED as she has suffered from "extreme emotional distress" requiring medical treatment and that her anonymity is vital to her safety due to her role as a police officer. (Doc.

13, at 17-18). Finally, Gifford states that Defendants are not entitled to immunity under the PSTCA because she has alleged willful misconduct by the Defendants. (Doc. 13, at 18-20)

### A. THE SCRANTON POLICE DEPARTMENT IS NOT A PROPER DEFENDANT IN THIS ACTION.

First, Defendants claim that the SPD is not a proper Defendant in this action as it is a sub-unit of the municipality and may not be liable under § 1983. (Doc. 8, at 5). Gifford contends that here, the SPD "was acting as an administrator and custodian of [her] records and not just as a 'sub-unit' of the local government."(Doc. 13, at 5).

In *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that local governments are "persons" and are subject to suit under § 1983. Following *Monell,* courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See Mikhaeil v. Santos,* 646 F. App'x 158, 163 (3d Cir. 2016) ("Although local governmental units may constitute "persons" against whom suit may be lodged under § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part."); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997); *Johnson v. City of Erie, Pa.,* 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Johnson,* 834 F. Supp. at 878-79; *see also Terrell v. City of Harrisburg Police Dept.*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983"); *Holland v. Pocono Regional Police,* No. 3:13-CV-1406, 2013 WL 3973080, at *13 (M.D. Pa. July 31, 2013) (citing cases holding that a police department is not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a § 1983 action), *report and recommendation adopted,* 2013 WL 3973080, at *1; *Golya v. Golya,*

No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007). Following this authority, the SPD is not a proper defendant in this action.

Although Gifford contends that the SPD's actions "revolve around . . . the Administration of the Police Department's employees and their privacy rights," it is unclear how such allegations afford an exception to this Court's previous decisions. (Doc. 13, at 5). Further, Gifford provides no legal support for her contention that the SPD is a proper party in this case and the Court struggles to find any supporting precedent. Thus, as a police department is not amenable to suit under § 1983, Gifford's claims against the SPD shall be **DISMISSED**.

> B. GIFFORD HAS FAILED TO ALLEGE *MONELL* LIABILITY AGAINST THE CITY OF SCRANTON.

Next, Defendants state that the claims against the City should be dismissed because Gifford fails to allege a policy or custom as required by *Monell*. (Doc. 8, at 6). Gifford argues that she has alleged a claim that the City's "policies and/or customs surrounding the dissemination of personnel file information without protections" violated her constitutional privacy rights. (Doc. 13, at 6-7).

A "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations and quotation marks omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). An allegation seeking to impose liability on a defendant based on supervisory status, without

more, will not subject the official to § 1983 liability. *Padilla v. Beard*, No. CIV. 1:CV-06-0478, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006); *Rode*, 845 F.2d at 1207.

In some instances, despite the requirement that an individual be personally involved to give rise to a § 1983 claim, a municipality or local government may be held liable when the execution of a policy or custom of such municipality or corporation "inflicts the injury" for which the plaintiff seeks redress. *Monell*, 436 U.S. at 694; *see Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, [] local government units can be sued directly for damages and injunctive or declaratory relief."). *Monell* represents an exception to general the rule that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka*, 481 F.3d at 210 (citations and quotations omitted). In *Monell*, the Supreme Court held that liability can attach to a municipality or local government entity that executes a *policy* or *custom*, which in turn "inflicts the injury" for which the plaintiff seeks redress. *Monell*, 436 U.S. at 694; *see Natale*, 318 F.3d at 584. *Monell* has previously been applied in cases against PSU. *Yan v. Penn State Univ.*, No. 4:10-CV-212, 2012 WL 3201888, at *9 (M.D. Pa. Aug. 3, 2012), *aff'd*, 529 F. App'x 167 (3d Cir. 2013).

A plaintiff must allege a constitutional injury upon which to base a claim under *Monell*. *See Buonadonna v. Se. Delco Sch. Dist.*, No. 14-02708, 2015 WL 894352, at *2-3 (E.D. Pa. Mar. 3, 2015) ("For liability to attach under § 1983, the municipality itself must cause the constitutional violation at issue."). Here, Gifford has alleged that her Fourth and Fourteenth

Amendment privacy rights were violated by the City.[1] (Doc. 1, at 6-7). However, Gifford has failed to assert any policy or custom that inflicted her alleged constitutional violations.

Gifford's attempt to allege an existence of a policy or custom that caused her injuries within her brief in opposition is insufficient. (Doc. 13, at 6-7). In her brief in opposition, Gifford claims that she has asserted that the City implemented "policies and/or customs surrounding the dissemination of personnel file information without protections." (Doc. 13, at 6-7). Gifford may not use her brief opposing the motion to dismiss to raise new allegations for the first time. *See Nesgoda v. Lewistown Valley Enterprises*, No. 3:18-CV-00158, 2018 WL 6313617, at *2 (M.D. Pa. Nov. 7, 2018). Thus, the Court must look to Gifford's complaint to determine if she established a policy or custom employed by the City that contributed to her alleged violation of privacy.

To establish a policy, a plaintiff must show that "a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *Natale*, 318 F.3d at 584 (internal quotation marks omitted) (brackets in original). To establish a custom, a plaintiff must allege "an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law." *Natale*, 318 F.3d at 584 (internal quotation marks omitted). Gifford asserts that the City "willfully disseminated confidential personal information including but not limited to her personnel file that included her cellular telephone number" violating her privacy rights under the Fourth and Fourteenth Amendments. (Doc. 1, at 7). However, nowhere in her complaint

---

[1] Although Gifford alleges that her Fourth and Fourteenth Amendment rights were violated by Defendants, such allegations do not sufficiently rise to the level required to assert an invasion of privacy claim as discussed *infra*. (Doc. 1, at 6-7).

does Gifford state that this action was a policy that was implemented by the City nor that such conduct is "so widespread as to have the force of law." See *Natale*, 318 F.3d at 584. Gifford's complaint alleges that her personnel file was distributed for discovery purposes in another suit and does not state that such actions are customary or are the City's policy when faced with discovery requests in litigation. (Doc. 1, at 7). Although Gifford contends that the SPD "creates its own policy and procedures for administration of its department including but not limited to the disclosure of private personnel information," Gifford does not allege anywhere in her complaint that the way her personnel information was distributed is a policy, custom, or procedure implemented by the City. (Doc. 1, at 3). Further, "proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing . . . municipal policy, which policy can be attributed to a municipal policymaker." See *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (quoting *Tuttle,* 471 U.S. at 823-24. Gifford limits her claims against the City to the singular incident of the distribution of her personnel information in one case. (Doc. 1, at 7). Thus, she has failed to allege that the dissemination of personnel information in an unredacted manner is a policy or custom that the City employs.

As such, Gifford fails to allege that the City undertook any action that could have deprived her of her privacy rights. Therefore, Gifford has failed to allege the City's liability under *Monell* and her claims against it shall be **DISMISSED**.

    C.    G<small>IFFORD HAS FAILED TO ALLEGE AN INVASION OF PRIVACY CLAIM UNDER THE</small> F<small>OURTH OR</small> F<small>OURTEENTH</small> A<small>MENDMENT.</small>

Even assuming that Gifford had alleged a policy or custom to implement liability on behalf of the City, she has failed to allege a sufficient constitutional violation regarding an invasion of privacy. (Doc. 1, at 6-7). Gifford argues that her Fourth and Fourteenth

Amendment privacy rights were violated when Defendants provided her information to a third party for discovery in an unrelated legal action. (Doc. 1, at 4-7). Gifford states that her personnel file was inappropriately distributed to a third party that included her telephone number, address, and social media accounts. (Doc. 1, at 5-6). Further, Gifford contends that Defendants did not notify her of the request and that the third party circulated her information on various social media outlets resulting in the harassment of herself and her family. (Doc. 1, at 5). Defendants argue that Gifford's allegations do not rise to an invasion of privacy as the content of Gifford's alleged privacy violation does not involve highly personal matters. (Doc. 8, at 8-9).

Although not mentioned explicitly in the Constitution, the Supreme Court has found certain "zones of privacy" embedded in the constitutional amendments. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 178 (3d Cir. 2005). Specifically, the Supreme Court recognizes "two types of privacy interests: 'One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions.'"[2] *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000) (quoting *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977)); *see also See Malleus v. George*, 641 F.3d 560, 564 (3d Cir. 2011). The latter category encompasses the regulation of "matters relating to marriage, procreation,

---

[2] Gifford has asserted constitutional violations under the Fourth and Fourteenth Amendments regarding an invasion of her privacy. (Doc. 1, at 6-7). "Although denoted as [two] separate constitutional claims [the Court] interpret[s] these claims to invoke the two recognized strands of privacy right." *See C.N.*, 430 F.3d at 179 n. 22; *see also Doe v. Luzerne Cty.*, 660 F.3d 169, 176 n. 5 (3d Cir. 2011) (finding that "the contours of the right [to privacy] appear to be the same" in both the Fourth and Fourteenth Amendments); *Doe 1 v. Cty. of Fayette*, No. 2:14-cv-00196, 2014 WL 5493814, at *2 n. 5 (W.D. Pa. Oct. 30, 2014) (addressing a plaintiff's privacy claims under both the Fourth and Fourteenth Amendment "collectively under the rubric of a constitutional right to privacy").

contraception, family relationships, and child rearing and education." *Whalen*, 429 U.S. at 600 (quoting *Paul v. Davis*, 424 U.S. 693, 713 (1976)). To qualify as constitutionally protected, the personal information must be subject to a reasonable expectation of privacy. *Katz v. United States*, 389 U.S. 347, 360 (1967). Regarding individual interests, the Fourteenth Amendment protects "induvial interest in avoiding disclosure of personal matters" including "information containing specific 'details of one's personal life . . ., information 'which the individual is ordinarily entitled to retain within the private enclave where [she] may lead a private life,' and information containing 'intimate facts of a personal nature." *Malleus*, 641 F.3d at 564 (quoting *Hedges*, 204 F.3d at 121; *Scheetz v. The Morning Call, Inc.,* 946 F.2d 202, 208 (3d Cir.1991); *United States v. Westinghouse Elec. Corp.,* 638 F.2d 570, 577 (3d Cir.1980)).

Gifford attempts to assert a privacy right in her individual interest in avoiding disclosure of personal matters. (Doc. 1, at 6-7; Doc. 13, at 8). A right to privacy "is the right to refrain from sharing intimate facts about oneself." *Malleus,* 641 F.3d at 565. "This information consists of three categories: sexual information, medical information, and some financial information," however, this list is not exhaustive. *Malleus,* 641 F.3d at 565 (quoting *Sterling v. Borough of Minersville*, 232 F.3d 190, 196 (3d Cir. 2000); *Doe v. SEPTA,* 72 F.3d 1133, 1139 (3d Cir. 1995); *Paul P. v. Verniero,* 170 F.3d 396, 402 (3d Cir. 1999)). Additionally, information readily available to the public, including judicial proceedings, police reports, arrests, and other public documents, are not entitled to constitutional protection. *See Paul P. v. Verniero*, 982 F. Supp. 961, 966 (D.N.J. 1997); *see also Scheetz,* 946 F.2d at 208 ("[T]he information contained in a police report is not protected by the confidentiality branch of the constitutional right of privacy.") "Privacy interests fade when the information is a matter of public record." *Verniero,* 982 F. Supp. at 967 (internal quotation omitted).

Gifford's telephone number, address, and social media accounts do not fall under any category of constitutionally protected personal information. First, this information is non-intimate, meaning it was not related to sexuality, medical records, or financial information. *See Malleus*, 641 F.3d at 565. Next, Gifford's telephone number, address, and social media accounts are all public information and thus are not entitled to constitutional protection. *Verniero*, 982 F. Supp. at 966 (citing *Trade Waste Mgmt. Ass'n, Inc. v. Hughey*, 780 F.2d 221, 234 (3d Cir. 1985)) ("Information which is "by . . . definition public" is not confidential information subject to constitutional protection."); *see also Minnich v. Ne. Sch. Dist.,* No. 1:20-CV-00378, 2021 WL 3166013, at *4 (M.D. Pa. July 27, 2021) (finding that a plaintiff failed to allege a violation of her Fourteenth Amendment right to privacy when her cellphone records were disclosed to third parties without her consent or notice); *Pinkney v. Meadville, Pa.,* No. 1:19-cv-167, 2020 WL 1985037, at *3 (W.D. Pa. Apr. 27, 2020) ("[A] person's home address is not ordinarily a private fact."); *U.S. v. CAMCO Mgmt., Inc.,* No. 18-4293-KSM, 2021 WL 289226, at *4 (E.D. Pa. Jan. 28, 2021) (including social media as a public record). Gifford has not alleged that any of the information that was distributed from her personnel file was sufficiently intimate or private to rise to the level of a constitutionally protected privacy interest. Thus, Gifford has failed to state a claim under either the Fourth or Fourteenth Amendment regarding her right to privacy.[3] (Doc. 1, at 6-7).

---

[3] In her brief in opposition, Gifford alludes to due process violations regarding the state-created danger doctrine. (Doc. 13, at 13-16). However, it appears that Gifford makes no such allegations in her complaint and the Court declines to address this argument. *See Nesgoda,* 2018 WL 6313617, at *2. Even if Gifford had alleged a violation of her due process rights under the state created danger theory, she has failed to demonstrate that the City implemented a policy or custom under *Monell* that violated her due process rights. *See supra*. Therefore, Gifford's constitutional claims against the City have not been adequately alleged.

D. STATE CLAIMS

Gifford asserts a state law causes of action for IIED against Defendants (Doc. 1, at 7-8). As the Court finds that Gifford's federal claims should be dismissed, the Court declines to exercise supplemental jurisdiction to hear Gifford's state law claim. Where a district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether a court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that the remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. The Court finds nothing in the record to distinguish this case from the ordinary one, and thus the balance of factors "point toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7.

E. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Ruffin v. Mooney*, No. 3:16-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute). As the complaint in its current form does not

set forth claims against Defendants for violations of privacy under the Fourth and Fourteenth Amendments, dismissal of these claims is warranted. However, the Court will allow Gifford to file an amended complaint as to her claims against the City. Gifford may not amend her complaint to state a claim against the SPD as it is not amenable to suit under § 1983 and amendment would be futile. The amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185 1185, 1198 (M.D. Pa. 1992). The amended complaint must be "simple, concise, and direct," as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. (Doc. 7). The claims against Defendant Scranton Police Department are **DISMISSED WITH PREJUDICE**. The claims against Defendant City of Scranton are **DISMISSED WITHOUT PREJUDICE**, with leave to amend. The Court grants Gifford leave to file an amended complaint within **28 days** of the corresponding Order.

An appropriate Order follows.

BY THE COURT:

Dated: August 5, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**